UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PERRY GRECO individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SECURITAS SECURITY SERVICES USA, INC., a foreign profit corporation, and DOES 1-20, as yet unknown entities,<br><br>Defendant. | Case No. 2:25-cv-01820<br><br>**NOTICE OF REMOVAL**<br><br>FEDERAL QUESTION JURISDICTION 28 U.S.C. §§ 1441, 1446(c) 29 U.S.C. § 186 |

**TO: THE CLERK OF THE ABOVE-NAMED COURT;**

**AND TO: PLAINTIFF PERRY GRECO**

**AND TO: EMERY REDDY, PLLC, attorneys of record**

PLEASE TAKE NOTICE that Defendant Securitas Security Services USA, Inc. ("Securitas" or "Defendant"), by this Notice, hereby effects the removal of the state action described herein from the Superior Court of the State of Washington in and for the County of King, to the United States District Court for the Western District of Washington at Seattle. This removal is based upon the Class Action Fairness Act ("CAFA"), *see* 28 U.S.C. §§ 1332(d) and 1441, and federal question under the Labor-Management Relations Act (the "LMRA"), 29 U.S.C. § 185(a) and is timely. Written notice of the filing of this Notice of Removal is being filed with the Clerk of the Superior Court of the State of Washington, in and for the County of King, and shall be



LITTLER MENDELSON, P.C.
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3200
SEATTLE, WASHINGTON 98101.3122
206.623.3300

served upon all parties together with a copy of this Notice pursuant to 28 U.S.C. § 1446(d).

In support of its Notice of Removal, Defendant provides the following information:

## I. STATEMENT OF JURISDICTION

1. This Court has jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331 and 1332, and this action is one that may be removed to this Court pursuant to 28 U.S.C. §§ 1332(d) and 1441(a). Securitas is the only Defendant, is represented by the undersigned counsel, and consents to removal. As set forth below, this case meets all of the requirements for removal and is timely and properly removed by the filing of this Notice.

## II. PLEADINGS

2. On or about August 18, 2025, Plaintiff Perry Greco commenced the instant matter by filing a copy of the "Class Action Complaint" ("Complaint") against Securitas in the Superior Court of the State of Washington, in and for the County of King, by filing a Complaint captioned *Perry Greco v. Securitas Security Services USA, Inc.*, and designated as Case No. 25-2-23853-9 SEA. The Complaint sets forth once cause of action – (1) Violation of Washington's Non-Compete Statute, RCW 49.62.070.

3. Plaintiff perfected service of the Summons and Complaint via dispatch server upon Securitas's registered agent, National Registered Agents, Inc, Olympia, WA on August 20, 2025.

4. By signing this Notice of Removal, counsel for Defendant verifies that true and correct copies of all process, pleadings, orders and other papers or exhibits on file with the state court are attached hereto as follows: (1) the Complaint is attached as "**Exhibit 1**;" (2) the Summons is attached as "**Exhibit 2**;" (3) the Order Setting Case Schedule is attached as "**Exhibit 3**;" (4) the Case Information Cover Sheet is attached as "**Exhibit 4**;" (5) the Proof of Service is attached as "**Exhibit 5**;" and (6) the Notice of Appearance is attached as "**Exhibit 6.**"

5. Defendant appeared through its counsel in the action in King County Superior Court on September 10, 2025. A true and correct copy of Defendant's Notice of Appearance is attached as "Exhibit 6."



LITTLER MENDELSON, P.C.
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3200
SEATTLE, WASHINGTON 98101.3122
206.623.3300

6. Pursuant to 28 U.S.C. § 1446(d), accompanying the Notice constitute all process, pleadings, and orders filed or received by Securitas in this action. To Securitas's knowledge, no further process, pleadings, or orders related to this case have been filed in the Superior Court of the State of Washington, County of King, or served by any party.

7. Securitas is the only named Defendant, is represented by the undersigned counsel, and consents to removal.

## III. TIMELINESS

8. The Notice of Removal is timely when it is made within 30 days of proper service which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b). Securitas filed this Notice of Removal within 30 days of commencement of the action in state court and is therefore timely. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999).

## IV. VENUE AND INTRA-DISTRICT ASSIGNMENT

9. Venue is proper for purposes of removal in the United States District Court for the Western District of Washington at Seattle, pursuant to 28 U.S.C. § 128(b) and 1446(d) because the state court action is pending within the jurisdictional confines of this District. Venue is proper in Seattle because Plaintiff initiated the lawsuit in King County. *See* Western District of Washington Local Civil Rule 3(e)(1).

## V. CAFA JURISDICTION

10. This Court has jurisdiction over this action pursuant to CAFA, which vests the United States District Courts with original jurisdiction of any civil action: (a) that is a class action filed under Rule 23 of the Federal Rules of Civil Procedure or similar state rule; (b) in which the putative class contains one hundred or more members; (c) in which any member of a putative class of plaintiffs is a citizen of a state different from any defendant, with certain limitations that apply where one or more defendants is a citizen of the state in which the action was filed; and (d) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and



LITTLER MENDELSON, P.C.
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3200
SEATTLE, WASHINGTON 98101.3122
206.623.3300

costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with United States Code, Title 28, section 1446. As set forth below, this case meets all of CAFA's requirements for removal and is properly removed by the filing of this Notice.

**A. Class Action Filed Under State Law**

11. Plaintiff initiated a civil action in King County Superior Court asserting class action allegations under Washington Civil Rule 23. *See* Complaint Section V, ¶¶ 41-48.

**B. Putative Class Size Exceeds 100 Putative Class Members**

12. In his Complaint, Plaintiff defines the putative class as follows: "[a]ll current and former employees of Securitas Services USA, Inc. who worked in Washington and earned less than twice the applicable state minimum hourly wage from August 18, 2022, through the date of certification of the Class." Complaint, ¶41. Plaintiff estimates that the putative class as "potentially dozens." ¶ 24. Thus, Plaintiff's allegations establish that the alleged class exceeds 100 individuals as required by CAFA. 28 U.S.C. § 1332(d)(5)(B). Securitas has employed more than 2,500 employees in Washington State earning less than twice the applicable state minimum hourly wage between August 18, 2022 through today. Client Decl., ¶8.

**C. There is Minimal Diversity Between Plaintiff and Securitas**

13. CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A), 1453(b).

14. Citizenship of Plaintiff. For diversity purposes, an individual is a "citizen" of the State in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is their permanent home, specifically, where they reside with the intention to remain or to which they intend to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff alleges in the Complaint that he is a resident of King County, Washington State. Complaint, ¶17. Plaintiff's own representations establish his domicile in Washington State.



LITTLER MENDELSON, P.C.
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3200
SEATTLE, WASHINGTON 98101.3122
206.623.3300

15. Citizenship of Securitas. For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Johnson v. Columbia Properties Anchorage,* 437 F.3d 894, 899 (9th Cir. 2006) (citing 28 U.S.C. § 1332(c)(1)). To determine a corporation's principal place of business, courts apply the "nerve center" test, which deems the principal place of business to be the state in which the corporation's officers direct, control, and coordinate the corporation's activities. *The Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192–94 (2010). The Supreme Court has clarified that, typically, the corporation's principal place of business will be the place where the corporation maintains its headquarters. *Id.* at 1192–93.

16. At the time this action was commenced, and at the time of removal, Securitas was not, and is not, a citizen of the State of Washington. Securitas is a Delaware corporation which has its principal place of business in Parsippany, New Jersey. Client Decl. ¶6-7, Ex. A. Thus, Securitas is a citizen of Delaware and New Jersey – not Washington.

17. Accordingly, minimal diversity of citizenship exists here because Plaintiff and Securitas are citizens of different states.

**D. The Amount in Controversy Exceeds $5,000,000**

18. The "plaintiff's complaint" is a court's "first source of reference in determining the amount in controversy." *LaCross v. Knight Transp., Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). The Complaint does not state a specific amount of damages. The United States Supreme Court has specifically held that a putative class action plaintiff cannot avoid CAFA removal by alleging or "stipulating" to a cap on damages in the Complaint. *See Standard Fire Ins. v. Knowles*, 133 S. Ct. 1345 (2013). In *Knowles*, Plaintiff alleged that he and the putative class seek to recover "total aggregate damages of less than five million dollars." *Knowles*, 133 S. Ct. at 1347. On this basis, the district court remanded the case to the state court after the defendant removed, even though the court found the defendant had successfully shown the amount in controversy exceeded $5 million. *Id.* at 1348. The



LITTLER MENDELSON, P.C.
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3200
SEATTLE, WASHINGTON 98101.3122
206.623.3300

Supreme Court, in a unanimous decision, reversed the district court's decision. The Court reasoned that because a plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified, the district court could not use Plaintiff's stipulation as grounds to remand the matter to state court. *Id.* at 1349.

19. The removal statute requires that a defendant seeking to remove a case to federal court must file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The Supreme Court, in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), recognized that "as specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." The defendant's "amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Id.* at 553.

20. A defendant seeking removal of a putative class action must demonstrate, by a preponderance of the evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum, which is the same standard as when the plaintiff does not plead any amount in controversy. *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013); *Lowdermilk v. U.S. Bank Nat'l Assoc.*, 479 F.3d 994, 998 (9th Cir. 2007) (where the complaint does not state the amount of damages claimed, the removing defendant may establish the amount in controversy for CAFA jurisdiction by a preponderance of the evidence). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a court or jury might later determine to be the actual amount of damages, if any. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.") (citation omitted); *see also Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018) (the amount in controversy for purposes of general diversity removal "encompasses all relief a court may grant on that complaint if the plaintiff is victorious").



LITTLER MENDELSON, P.C.
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3200
SEATTLE, WASHINGTON 98101.3122
206.623.3300

21. Plaintiff seeks damages on behalf of a putative class of "[s]tatutory damages of $5,000." Complaint, VII, ¶ 58(b).

22. If Securitas were to conservatively estimate $5,000 in statutory damages per putative class member for alleged wrongful conduct, the amount in controversy would be **$12,500,000** (2,500 putative class members * $5,000 per putative class member). Client Decl., ¶8.

23. Amount in Controversy for Injunctive Relief Sought: Plaintiff also seeks "[p]reliminary and permanent injunctive relief[.]" Complaint at VII, ¶58(e). Courts have considered damages related to injunctive relief in the amount of controversy. *See Corral v. Select Portfolio Serv. Inc.*, 878 F.3d 770, 775 (9th Cir. 2017) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.") (citation and internal quotations omitted); *S. Fla. Wellness, Inc. v. Allstate Ins. Co*., 745 F.3d 1312, 1315 (11th Cir. 2014) ("the value of declaratory or injunctive relief" counts toward amount in controversy, but "must be sufficiently measurable and certain to satisfy the amount-in-controversy requirement"); *Anderson v. Wilco Life Ins. Co*., 943 F.3d 917 (11th Cir. 2019) (same); *Excel Pharm. Servs., LLC. v. Liberty Mut. Ins. Co*., 825 F. App'x 65, 68 (3d Cir. 2020) (holding amount in controversy met in action seeking declaratory and injunctive relief where defendant's cost of compliance with injunction in the class's favor would exceed $5 million).

24. Attorney's Fees. Plaintiff also seeks attorneys' fees and costs. Complaint at VII, ¶58(c). It is well-settled that for purposes of the amount in controversy requirement, "where an underlying statute authorizes an award of attorneys' fees . . . such fees may be included in the amount in controversy." *Lowdermilk*, 479 F.3d at 1000. A reasonable estimate of future attorneys' fees should be included in the amount in controversy analysis. *See e.g., Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794–95 (9th Cir. 2018) (if a plaintiff would be entitled under a contract or statute to future attorneys' fees, such fees are at stake in the litigation and should be included in the amount in controversy, and district courts may estimate such fees based on their



LITTLER MENDELSON, P.C.
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3200
SEATTLE, WASHINGTON 98101.3122
206.623.3300

own knowledge and experience); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927–28 (9th Cir. 2019) (reaffirming *Fritsch*).

25. In class cases, courts in the Ninth Circuit may employ a 25% "benchmark" in calculating awardable fees. *See Copple v. Arthur J. Gallegher & Co.*, No. C22-0116-LK-SKV, 2022 WL 3357865, at *5, 7 (W.D. Wash. Aug. 2, 2022), *adopted by* 2022 WL 4448546 (W.D. Wash. Sept. 23, 2022) (denying remand and applying 25% benchmark to damages estimate in class action yielding approximately $1 million in estimated fees) (citing *Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003) ("'This circuit has established 25% of the common fund as a benchmark award for attorney fees.'")); *Levy v. Salcor, Inc.*, No. C14-5022 BHS, 2014 WL 775443, at *5 (W.D. Wash. Feb. 25, 2014) (applying 25% benchmark to damages estimate yielding $1,125,000 estimated in fees) (citing *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989)); *Garnett v. ADT LLC*, 74 F. Supp. 3d 1332, 1337–38 (E.D. Cal. 2015) (denying remand as "[n]o two cases are ever perfectly alike. The court must nonetheless do its best to estimate attorneys' fees, and in light of these cases, the court finds that defendant's fee estimation of 25 percent of recovery is a reasonable one. Even from plaintiff's lower calculation of statutory damages ($4,064,800), this equates to a fee of approximately $1,016,200. The total amount in controversy thus exceeds $5 million."). Thus, here, the attorneys' fees at issue for a putative class action could exceed approximately **$3,125,000.00** (25% of the aggregate amount in controversy [$12,500,000] calculated in Paragraph 22, *supra*).

26. Therefore, the total amount in controversy, inclusive of attorneys' fees, is at least **$15,625,000** ($12,500,000 amount in controversy + $3,125,000 in attorneys' fees). Accordingly, when adding the potential damages and future attorneys' fees for the putative class claims, the amount in controversy in this action exceeds the jurisdictional minimum of $5,000,000 for jurisdiction under CAFA.



LITTLER MENDELSON, P.C.
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3200
SEATTLE, WASHINGTON 98101.3122
206.623.3300

## VI. FEDERAL QUESTION JURISDICTION

27. A defendant may remove an action to federal court under 28 U.S.C. § 1441(a) if the plaintiff's complaint falls within the original jurisdiction of the federal courts, including where the complaint presents a federal question. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

28. In general, the "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Audette v. Int'l Longshoremen's & Warehousemen's Union*, 195 F.3d 1107, 1111 (9th Cir. 1999) (quoting *Caterpillar*, 482 U.S. at 392).

29. However, the "artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). Under the artful pleading doctrine, "a plaintiff may not defeat removal by omitting to plead necessary federal questions." *Id.* "If a court concludes that a plaintiff has 'artfully pleaded' claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint." *Id.*; *see also Paige v. Henry J. Kaiser Co.*, 826 F.2d 857, 860 (9th Cir. 1987).

30. Federal question jurisdiction exists in this case because Plaintiff's claims are preempted by Section 301 of the LMRA. Although Plaintiff's claims are styled as state-law claims, the "preemptive force" of the LMRA is so strong that any claim based on the preempted state law is considered a federal claim arising under federal law. *Caterpillar*, 482 U.S. at 393 ("Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law"); *see also Newberry v. Pac. Racing Ass'n*, 854 F.2d 1142, 1146 (9th Cir. 1988).



LITTLER MENDELSON, P.C.
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3200
SEATTLE, WASHINGTON 98101.3122
206.623.3300

31. Plaintiff, other covered Securitas employees, Securitas, and Service Employees International Union, Local 6 (SEIU6 Property Services NW) (the "Union") are bound by a collective bargaining agreement ("CBA"). Client Decl. ¶ 9, Ex. B, Collective Bargaining Agreement Between Universal Protection Services LP, dba, Allied Universal, Security Services Securitas Security Services USA, Inc., Star Protection Agency, LLC and SEIU6 Property Services NW. The CBA is negotiated between Securitas and the Union, the sole and exclusive collective bargaining representative of employees of Securitas in several collective bargaining units throughout the United States. Client Decl. ¶ 9, Ex. B, at 1.1 (CBA Art. I). The CBA governs the relative rights and responsibilities of Securitas, the Union, Plaintiff, and other covered employees regarding, among other things, compensation, some terms and conditions of employment, remedies, and dispute resolution procedures. Client Decl. ¶9.

**A. <u>Legal Standard for LMRA Preemption</u>**

32. The U.S. Supreme Court has consistently held that Section 301 of the LMRA "mandate[s] resort to federal rules of law in order to ensure uniform interpretation of collective-bargaining agreements, and thus to promote the peaceable, consistent resolution of labor-management disputes." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 404 & n.3 (1988) (citations omitted). Congress enacted Section 301 precisely because "[t]he possibility that individual contract terms might have different meanings under state and federal law would inevitably exert a disruptive influence upon both the negotiation and administration of collective agreements." *Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Lucas Flour Co.*, 369 U.S. 95, 103 (1962).

33. To ensure this uniformity, Section 301 preempts state law claims where either (i) the claim is founded on rights created by a CBA, or (ii) where resolution of the claim substantially depends on the interpretation of or is "inextricably intertwined" with terms or provisions of a collective bargaining agreement. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985).



LITTLER MENDELSON, P.C.
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3200
SEATTLE, WASHINGTON 98101.3122
206.623.3300

34. Applying Section 301, courts around the country have held similar state-law discrimination claims, that either arise under, or necessarily require interpretation of, the CBA are preempted by the LMRA—and thus properly subject to removal. *See, e.g.*, *Cannon v. Boeing Co.*, No. C12–1344–RSM, 2012 WL 5930620, at *2 (W.D. Wash. Nov. 27, 2012) (Section 301 preempted state-law claims that arose from alleged CBA term); *Phelps v. Multicare Health Sys.*, No. C15-5120 RBL, 2015 WL 2127690, at *2 (W.D. Wash. May 6, 2015) (Section 301 preempted WLAD claims that arose from CBA procedures and provisions); *Rorebeck v. Franciscan Health*, No. 3:18-CV-05423, 2019 WL 1436661, at *5 (W.D. Wash. Apr. 1, 2019) (same involving WLAD disability and retaliation claims); *Baker v. Kaiser Aluminum & Chem. Corp.*, 951 F. Supp. 953, 960 (E.D. Wash. 1960) (Section 301 preempted WLAD claim governed by CBA provisions); *Miles v. Nat'l Football League*, 641 F. Supp. 3d 91, 98 (D.N.J. 2022) (disability discrimination claim preempted because the court "will have to interpret the CBA to determine" the scope of the defendant's "obligations under the CBA").

**B. <u>Plaintiff's Non-Compete Claim Is Preempted by the LMRA</u>**

35. Plaintiff's non-compete claim is preempted because it involves rights impacted by the CBA, and the claim is dependent on interpretation of the terms of the CBA.

36. Here, any "business practices" applicable to Plaintiff are impacted by, and subject to, the terms of the CBA. Further, all restrictions, if any, on Plaintiff's ability to have an additional job or supplement his income by working for another employer, working as an independent contractor, or being self-employed are potentially impacted by the CBA.

37. Plaintiff's non-compete claim is potentially dependent on the meaning of various provisions of the CBA including the application of any policy, and whether and when there was any restriction, restraint, covenant, or prohibition on allowing employees who earned less than twice the applicable state minimum hourly wage from "having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being



LITTLER MENDELSON, P.C.
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3200
SEATTLE, WASHINGTON 98101.3122
206.623.3300

self-employed." Complaint, ¶27. But resolving whether he was, in fact, subject to this policy, and any restriction from having additional employment would require interpretation of the CBA.

## VII. NOTICE TO PLAINTIFF AND STATE COURT

38. Written notice of the filing of this Notice of Removal has been given to all parties who have appeared in this action, and a copy of the Notice of Removal will be filed with the Clerk of Court of the Superior Court of the State of Washington, in and for the County of King, because Plaintiff commenced this action and filed his Complaint with the Superior Court, and shall be served upon all parties together with a copy of this Notice pursuant to 28 U.S.C. § 1446(d).

## VIII. RESERVATION OF RIGHTS

39. Nothing in this Notice of Removal is intended to waive any defense, including but not limited to insufficient service of process, insufficient process, or lack of personal jurisdiction.

WHEREFORE, Securitas respectfully requests that this action now pending in the King County Superior Court, State of Washington, be removed to the United States District Court for the Western District of Washington at Seattle.

40. Written notice of the filing of this Notice of Removal is being filed with the Clerk of the Superior Court of the State of Washington, in and for the County of King, and shall be served upon all parties together with a copy of this Notice pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Securitas respectfully requests that the above-captioned matter, now pending in the Superior Court of the State of Washington, in and for the County of King, Case No. 25-2-08645-9, be removed to this Honorable Court for further proceedings.



LITTLER MENDELSON, P.C.
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3200
SEATTLE, WASHINGTON 98101.3122
206.623.3300

Dated: September 19, 2025

/s/ Derek A. Bishop
Derek A. Bishop, WSBA #39363
debishop@littler.com

Elena M. Gutbrod, WSBA #61074 egutbrod@littler.com
LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
Telephone: 206.623.3300
Facsimile: 206.447.6965

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I am a resident of the State of Washington, over the age of eighteen years, and not a party to the within action. My business address is One Union Square, 600 University Street, Ste. 3200, Seattle, WA 98101. I hereby certify that on September 19, 2025, I electronically filed the foregoing document titled **NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF system participants:

**Plaintiff's Counsel**

Timothy W. Emery, WSBA #34078
Patrick B. Reddy, WSBA #34092
Paul J. Ciprani, WSBA #59991
Hannah M. Hamley, WSBA #59020
Paige V. Gagliardi, WSBA #60816
EMERY REDDY PLLC
600 Stewart St, Suite 1100
Seattle, WA 98101
Tel: (206) 442-9106
emeryt@emeryreddy.com
ReddyP@emeryreddy.com
Paul@emeryreddy.com
Hannah@emeryreddy.com
Paige@emeryreddy.com

I declare under the penalty of perjury under the laws of the State of Washington and the United States that the above is true and correct.

Executed on September 19, 2025, at Seattle, Washington.

*/s/ Kelly E. Cappelletti*
Kelly E. Cappelletti
Attorney Practice Coordinator
KCappelletti@littler.com
LITTLER MENDELSON, P.C.